**In re Kimberly Kaye COX, Debtor.**

**Richard E. BARBER, Chapter 7 Trustee for Kimberly K. Cox, Plaintiff/Trustee,**

v.

**KNOX COUNTY SCHOOL EMPLOYEES CREDIT UNION, Defendant/Creditor.**

Bankruptcy No. 89–80391.
Adv. No. 89–8104.

United States Bankruptcy Court, C.D. Illinois.

May 16, 1990.

Barry M. Barash, Galesburg, Ill., for plaintiff/trustee.

Francis Van Hooreweghe, John P. Harris, Moline, Ill., for defendant/creditor Knox County School Employees Credit Union.

## OPINION

**WILLIAM V. ALTENBERGER,** Bankruptcy Judge.

The Defendant made a loan to the Debtor, and after the Debtor filed her Chapter 7 proceeding, her Trustee brought a two-count complaint against the Defendant alleging truth in lending violations. Count I alleges that the annual percentage rate disclosed to Debtor was 14%, where in fact the true annual percentage rate was 13.49%, or a difference of .51%, and seeks statutory damages. Count II alleges the Defendant failed to give the Debtor the required notice of rescission and seeks to rescind the transaction and the mortgage.

The matter came on to be heard as to Count I only. At the hearing, the Defendant agreed that the annual percentage rate was overstated. The reason for the overstatement is that the computer was given an erroneous repayment period so the annual percentage rate calculation came out high. The Defendant, however, argued that under Section 103(z) of the Truth In Lending Act (ACT) (15 U.S.C. 1602(z)) and Section 226.6(h) of Regulation Z (REGULATION) (12 C.F.R. Section 226.-6(h)) an overstatement of the annual percentage rate does not constitute a violation provided it was not for the purpose of circumvention or evasion of disclosure requirements. In response, the Trustee argued that the specific requirements of the REGULATION are controlling.

After the hearing, the parties were given an opportunity to file authority. The trustee did not file any authority. The Defendant in its memorandum of authority acknowledged that Section 226.6(h) was deleted by the 1982 amendments to the REGULATION. The Defendant then took the position that even though there no longer is a provision in the REGULATION with regard to an overstatement of a truth in lending disclosure, that it is protected by Section 103(z) which still remains in effect. The Defendant did not submit any case authority which supports its position. It would appear that this is a case of first impression.

The ACT and the REGULATION contain provisions which go to the accuracy of an annual percentage rate disclosure and whether an inaccurate disclosure constitutes a violation.

Section 107(c) of the ACT provides that

(c) The disclosure of an annual percentage rate is accurate for the purpose of this title if the rate disclosed is within a tolerance not greater than one-eighth of 1 percentum more or less than the actual rate or rounded to the nearest one-fourth of 1 per centum. The Board may allow a greater tolerance to simplify compliance where irregular payments are involved.

15 U.S.C. Section 1606(c). Section 226.22(a) of the REGULATION provides as follows:

(1) The annual percentage rate is a measure of the cost of credit, expressed as a yearly rate, that relates the amount and timing of value received by the con-

sumer to the amount and timing of payments made. The annual percentage rate shall be determined in accordance with either the actuarial method or the United States Rule method. Explanations, equations and instructions for determining the annual percentage rate in accordance with the actuarial method are set forth in Appendix J to this regulation.

(2) As a general rule, the annual percentage rate shall be considered accurate if it is not more than ⅛ of 1 percentage point above or below the annual percentage rate determined in accordance with paragraph (a)(1) of this section.

(3) In an irregular transaction, the annual percentage rate shall be considered accurate if it is not more than ¼ of 1 percentage point above or below the annual percentage rate determined in accordance with paragraph (a)(1) of this section.

12 C.F.R. Section 226.22(a). Under both the ACT and the REGULATION an annual percentage rate disclosure is considered accurate if it is within a tolerance of ⅛ of 1 percentage point. In this case, the Defendant admits the disclosed annual percentage rate exceeds that tolerance.

■ The issue is whether the inaccurate disclosure constitutes a violation. Section 103(z) (15 U.S.C. 1602(z)) of the ACT reads as follows:

(z) The disclosure of an amount or percentage which is greater than the amount or percentage required to be disclosed under this title does not in itself constitute a violation of this title.

Contrary to the Defendant's assertion, there is a provision in the REGULATION which bears on this issue. Footnote 45d to Section 226.22(a) provides as follows:

An error in disclosure of the annual percentage rate or finance charge shall not, in itself, be considered a violation of this regulation if: (1) the error resulted from a corresponding error in a calculation tool used in good faith by the creditor; and (2) upon discovery of the error, the creditor promptly discontinues use of that calculation tool for disclosure purposes and notifies the Board in writing of the error in the calculation tool.

1 CCH Consumer Credit Guide, para. 3401, n. 45d. The Federal Reserve Board's Official Staff Commentary 22(a)(1)–5 amplifies on the footnote as follows:

Footnote [45d] absolves creditor of liability for an error in the annual percentage rate and finance charge that resulted from a corresponding error in a calculation tool used in good faith by the creditor. Whether or not the creditor's use of the tool was in good faith must be determined on a casebycase basis, but the creditor must in any case have taken reasonable steps to verify the accuracy of the tool, including any instructions, before using it. Generally, the footnote is available only for errors directly attributable to the calculation tool itself, including software programs; it is not intended to absolve a creditor of liability for its own errors, or for errors arising from improper use of the tool, from incorrect data entry, or from misapplication of the law.

1 CCH Consumer Credit Guide, para. 3401.-05.

What is intended by the exception in the ACT is not clear, and the REGULATION's treatment of an overstatement of the annual percentage rate only adds to the confusion. The conventional interpretation of the ACT and the REGULATION is that an overstatement of the annual percentage rate in excess of the permitted tolerance constitutes a violation, unless the two conditions contained in footnote 45d are present. However, another interpretation has been put forth, which is based on the language of the ACT and which exonerates a creditor from liability for the overstatement of the annual percentage rate. In Ernest L. Sarason, Jr., *Truth in Lending*, National Consumer Law Center, para. 4.2.-6.4, the author states:

Another interesting feature of the Regulation's standard of accuracy is that it treats overdisclosure of annual percentage rate's as severely as underdisclosure. The disclosed annual percentage rate must be within certain precise limits of the exact annual percentage rate or must be exactly the annual percentage rate produced by use of the Tables. In the last example, a disclosed annual per-

centage rate of 11.00% would be as much of a violation as a disclosed annual percentage rate of 9.00%, per the Regulation's requirements. However, the TILA states that:

The disclosure of an amount or percentage which is greater than the amount or percentage required to be disclosed under this title does not in itself constitute a violation of this title.

While the meaning of this exception from liability is not precisely clear, it would seem to absolve a creditor who overdisclosed an annual percentage rate. In the example, a creditor who disclosed the 11.00% annual percentage rate would not be deemed in violation of the Regulation while a creditor who disclosed the 9.00% annual percentage rate would have violated the Act's and Regulation's standard of accuracy.

In Dennis Replansky, *Truth–in–Lending and Regulation Z, A Practical Guide to Closed–End Credit,* ALI/ABA, p. 92, the author agrees with Sarason and states:

The Act, in ambiguous language, provides that this situation does not "of itself" constitute a violation of the Act or Regulation Z. No further guidance is provided in either the Act or the Regulations concerning what this language means. Creditors may choose to use this language, however, to support a defense to any claim for a violation brought against the creditor. (Footnotes omitted)

■ This Court views the conventional interpretation as being the correct one. This result is reached by construing Section 103(z) of the ACT and footnote 45d to provide for a violation if the annual percentage rate disclosure exceeds the ⅛ of 1 percentage point tolerance, unless it is the result of a faulty calculation tool and the conditions in the footnote are met. In this case, the excessive disclosure is not the result of a faulty calculation tool. Therefore, pursuant to this interpretation, the excessive disclosure violates the ACT and the REGULATION.

This result is supported by the stated purpose of the ACT and the REGULATION. Both seek the informed use of consumer credit through a meaningful disclosure of credit terms. See Section 102 of the ACT and Section 226.1(b) of the REGULATION. A meaningful disclosure cannot be one which is inaccurate.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons set forth in an Opinion filed this day;

IT IS, THEREFORE, ORDERED that Count I of the Plaintiff's First Amended Complaint is hereby ALLOWED, and judgment be entered in favor of the Plaintiff, Richard E. Barber, Chapter 7 Trustee for Kimberly K. Cox, and against the Defendant, Knox County School Employees Credit Union, for $1,000.00, reasonable attorney fees, and costs.